## Doylestown Cemetery Appeal

*Robert L. White*, of *White and Matthews*, for Board of Assessment.

*Peter S. Thompson*, of *Stradley, Ronan, Stevens and Young*, for appellant.

RUFE, *J.*, October 10, 1979—On March 22, 1850, the Doylestown Cemetery was incorporated by special legislation[1] enacted by the Pennsylvania Legislature which specifically authorized the establishment of a cemetery on ten acres of land and granting powers, inter alia, "to lay out and ornament the grounds purchased for the said cemetery; to erect such buildings thereon as may be necessary for the enjoyment of the same; to lay out, sell and dispose of burial lots" and various other powers not relevant to this matter. The special legislation further provided: "That the said cemetery shall hereafter be forever exempted from taxation except for state purposes."

In 1854, a building was constructed on the ten-acre cemetery property which has served continuously from that date as the cemetery office, chapel for on-site funeral services, and dwelling house for the cemetery superintendent who is required to

---

1. Act No. 269 enacted by Pennsylvania Legislature on March 22, 1850.

have the cemetery office manned either personally or by approved substitute 24 hours a day, 365 days a year.

On August 20, 1977, the Bucks County Board of Assessment and Revision of Taxes (hereinafter Board) notified the Doylestown Cemetery that for the year 1978 and thereafter the 1854 structure would be assessed and taxed as a dwelling. The Doylestown Cemetery appealed that decision first to the Board itself, unsuccessfully, and now to this court. Hence, this opinion.

Prior to 1972 "all burial grounds and all mausoleums, vaults, crypts, or structures, intended to hold or contain the bodies of the dead . . ." were exempt from taxation.[2] This exemption had been held on several occasions to include the dwelling house of the cemetery superintendent located on the burial grounds: Lancaster Cemetery Tax Appeal, 37 D. & C. 2d 213 (1965); Braddock Catholic Cemetery Company's Appeal, 59 D. & C. 408 (1946).

In 1972, the burial ground exemption provision was amended[3] to add the word "actual" so that the exemption extended only to "all *actual* places of burial . . ." Armed with this new limitation on the exemption, the Board quite properly has assessed and taxed cemetery superintendents' dwelling houses on the basis that such structures do not constitute *actual* places of burial. See Morrisville

---

2. Act of May 21, 1943, P.L. 571, art. II, sec. 202, 72 P.S. §5453.202, as amended, entitled The Fourth to Eighth Class County Assessment Law.

3. Act of September 22, 1972, P.L. 871, sec. 1, 72 P.S. §5453.202.

Cemetery Association v. Bucks County Board of Assessment Appeals, 29 Bucks 266 (1976).

However, in the present case the claimed exemption from assessment and taxation stems from the very legislative act which approved the corporate charter of the cemetery back in 1850. That act of the Pennsylvania Legislature specifically stated: "That the said cemetery shall hereafter be *forever* exempted from taxation except for state purposes." (Emphasis supplied.) The Board argues that the 1943 county assessment law and the 1972 amendments thereto (see footnotes 2 and 3, supra) supercede the 1850 special legislation creating the Doylestown Cemetery, including the tax exemption "forever." The Doylestown Cemetery counters that the saving clause of the same county assessment law preserves its right to tax exemption. The language relied upon provides, inter alia: "The provisions of this act shall not affect any act done, liability incurred *or right accrued or vested,* or affect any suit, proceeding or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense under the authority of any Act of Assembly repealed by this Act."[4] (Emphasis supplied.)

There can be no doubt that the right to tax exemption had "accrued and vested" and, in fact, had been duly recognized by all taxing authorities from 1850 to 1977, some 127 years. Thus, the foregoing saving clause does clearly preserve the Doylestown Cemetery Corporation tax exempt status. Nor do we accept the board's interpretation that the exemption applies only to the "cemetery" as defined under the present act stipulating "actual

4. Act of May 21, 1943, P.L. 571, art. I, sec. 106, 72 P.S. §5453.106.

burial places." It is clear that the legislation creating the cemetery contemplated the tax exemption for the entire property devoted to the cemetery purposes specifically including "buildings thereon as may be necessary for the enjoyment of the same." That interpretation, too, is a right accrued and vested for the past 127 years and will now be permitted to rest in peace, undisturbed.

## ORDER

And now, October 10, 1979, the appeal of the Doylestown Cemetery from the decision of the Board of Assessment and Revision of Taxes is hereby sustained, and tax parcel No. 8-5-206 is hereby ordered and directed to be exempt from all taxation, except for state purposes.